**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| JOSEPH LOMASTRO | CIVIL ACTION NO. 05-320 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| CADDO PARISH SHERIFF | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Plaintiff Joseph Lomastro's ("Lomastro") Motion to Reconsider and/or Amend this Court's Grant of Summary Judgment Pursuant to Rule 59(e).[1] [Rec. Doc. No. 61]. Plaintiff filed the instant matter against the Caddo Parish Sheriff ("the Sheriff") alleging he was discriminated against in violation of the Americans with Disabilities Act ("ADA") and Louisiana state law. After reviewing the entire record, this Court found that Lomastro had failed to show that he had a "record of" or was "regarded as" having an impairment that substantially limited a major life activity and therefore had failed to establish a *prima facie* claim of disability discrimination. [Doc. No. 59]. Accordingly, this Court granted the Sheriff's motion for summary judgment. [Doc. No. 60]. For the reasons which follow, Lomastro's motion to alter or amend that ruling and judgment is **DENIED.**

---

[1]The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" in those exact terms. See Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir.1990). However, the Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Rule 60(b). See id. A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling. See id.

## I. FACTUAL BACKGROUND.

The facts relevant to the motion for summary judgment were recited in the Court's previous ruling on that motion. [Doc. No. 59] With his motion to reconsider, Lomastro filed an affidavit in which he describes the seizures he had prior to his surgery in greater detail. [Doc. No. 61, Ex. A]. Lomastro claims that he had two and three seizures in one day, and that this occurred once or twice a month. [Id.]. He claims that these seizures interfered with his daily activities while he was having the seizure. [Id.]. Lomastro claims that the seizures interfered with his ability to learn, that he could not obtain a driver's license, and that he could not obtain any employment other than menial labor jobs until after his corrective brain surgery. [Id.]. Based on this affidavit and arguments made in his memorandum in support, Lomastro asks the Court to alter its prior ruling that he had failed to establish he was disabled as that term is defined under the ADA.

## II. LAW AND ANALYSIS.

### A. "Record of" a Disability - the Court's Previous Ruling.

The Court previously found that Lomastro was not disabled under the "record of a disability" prong of the ADA. This prong entitles a plaintiff to protection if he can show that both: (1) he has a record or history of impairment; and (2) the impairment limits a major life activity. Dupre v. Charter Behavioral Health Systems of Lafayette, Inc., 242 F.3d 610, 615 (5th Cir.2001). Although an individual may show that he has a record of impairment, if he fails to show that the impairment is substantially limiting, the individual may not qualify as disabled under this prong. See Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1121 (5th Cir.1998).

In the Memorandum Ruling on the motion for summary judgment, this Court found that Lomastro had shown he had a record or history of seizures. The determinative issue

then became whether those seizures limited a major life activity. Instead of addressing the impact that his past seizures had on his life activities, Lomastro merely argued that epilepsy was a disability *per se*. Based on the applicable law and jurisprudence, the Court rejected this argument. Accordingly, finding that Lomastro had not submitted competent summary judgment evidence that his seizures substantially limited any of his major life activities, this Court held that his record of such seizures did not constitute a record of a "disability." It is this finding that Lomastro moves the Court to reconsider.

Lomastro argues that the record contained sufficient evidence that his seizures were substantially limiting. First, Lomastro argues that his testimony that he had suffered a "lifetime of weekly intractable seizures" was sufficient to infer that those seizures substantially impaired a major life activity. Merriam-Webster Online defines "intractable" as: "1) not easily governed, managed, or directed (intractable problems); 2) not easily manipulated or wrought (intractable metal); 3) not easily relieved or cured (intractable pain)."[2] Lomastro's self-characterization of his weekly seizures as "not easily governed, managed or directed" or as "not easily relieved or easily cured" does not equate to a finding that they substantially limited any of his major life activities. Lomastro's history of "intractable seizures" is simply not enough. The Fifth Circuit has already rejected the argument that seizures (or epilepsy) automatically constitute a "disability." In fact, the Fifth Circuit has held on several occasions that individuals suffering from seizures were not disabled under the ADA. See, e.g., EEOC v. Sara Lee Corp., 237 F.3d 349 (5th Cir. 2001); Deas v. River West, 152 F.3d 471 (5th Cir. 1998).[3]

---

[2]Found at http://www.m-w.com/dictionary/intractable.

[3]The fact that an individual undergoes major surgery (such as brain surgery) to correct an impairment is likewise insufficient to establish that the impairment substantially limited a major life activity.

Lomastro next cites evidence in the record that he was not released to return to work until 2001, six months post brain surgery, and argues that it was therefore reasonable to inter that at all times prior to 2001 (including prior to the surgery), he *was not* released to work. This argument was not made in Lomastro's opposition to the motion for summary judgment, and the evidence was therefore not before the Court.[4] Further, Lomastro's release to work *post surgery* does not lead to a reasonable inference that he was substantially limited in the life activity of working at all times *prior to* the surgery. No reasonable fact finder could make that quantum leap. Lomastro simply failed to offer sufficient evidence to show that his seizures substantially limited any of his major life activities.

**B.     Plaintiff's Affidavit Submitted in Support of Motion to Reconsider.**

Lomastro has now filed an affidavit with his motion to alter or amend in which he seeks to cure his prior evidentiary shortcomings. However, he has failed to explain why he did not provide this information sooner. Accordingly, the Court finds that his affidavit comes too late. See Russ v. International Paper Co., 943 F.2d 589 (5th Cir. 1991)(no abuse of discretion to deny motion to reconsider which sought to remedy proof on summary judgment since there was no claim that the affidavit was unavailable when it originally should have been presented). See also Bernhardt By and Through Bernhardt v. Richardson-Merrell, Inc., 892 F.2d 440 (5th Cir. 1990)(district court properly granted

---

[4]When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. See Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir.1998); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 916 (5th Cir.1992), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

summary judgment by excluding an untimely-filed controverting affidavit). Accordingly, the Court will not alter or amend its prior ruling in reliance on the untimely affidavit.

However, even if the Court were to consider Lomastro's untimely affidavit, the Court's grant of summary judgment would still be proper. In his affidavit, Lomastro once again argues that he was substantially limited in certain daily activities *while having a seizure*. This same argument was rejected by the Fifth Circuit in Deas v. River West, 152 F.3d 471, 479 (5th Cir. 1998). Lomastro then goes on to make the conclusory statement, without the benefit of any corroborating expert opinion, that he was substantially limited in his ability to learn. An individual who fails to learn or learns at a slower pace does not automatically qualify for protection under the ADA. Instead, the ADA protects only those individuals who present reliable evidence proving a physical or mental impairment that substantially limits their ability to learn as compared to an average person in the general population. Ristrom v. Asbestos Workers Local 34 Joint Apprentice Committee, 370 F.3d 763 (8th Cir. 2004)(affirming summary judgment where the record did not contain evidence that plaintiff was unable to learn to the same degree as the average person in the general population)

Lomastro's own conclusory statement that he was unable to learn at the same rate as typical students is insufficient to establish that his seizures, which he claims occurred two or three times a day, once or twice a month, *substantially impaired* his ability to learn. See Galvan v. City of Bryan, Tex, 121 Fed.Appx. 567 (5th Cir. 2005)(affirming summary judgment where plaintiff failed to present any evidence to show that epilepsy and learning

disabilities substantially limited a major life activity). Here, Lomastro's own opinion is simply insufficient to create a genuine issue of fact.[5]

Finally, Lomastro's affidavit asserts that his first "real" job was not until after his brain surgery. He claims he applied for several jobs for which he was qualified, but that he was turned down. However, he offers no evidence to suggest that his lack of work was caused by his intermittent seizures. Lomastro's testimony in his affidavit is simply insufficient to establish that his seizures *substantially limited* his ability to work in "a class of jobs or a broad range of jobs in various classes." Accordingly, even if Lomastro had submitted his testimony in a timely manner, it would not have created a genuine issue of fact.

### C. "Regarded as" Disabled - the Court's Previous Ruling.

Lomastro also moves the Court to alter or amend its finding that he failed to establish that Sheriff Prator "regarded" him as being disabled. Lomastro argues that the Sheriff "most likely" considered his history of seizures disabling. However, the record is devoid of any evidence to support such an inference. It is the plaintiff's burden of proof to show that the defendant perceived the impairment as substantially limiting one or more of the plaintiff's major life activities. Deas v. River West, L.P., 152 F.3d 471, 476 (5th Cir.1998).

Lomastro next argues that since the Sheriff had no idea of the extent of his seizures, he "was likely considering the worst scenario and considered him disabled due to a history of seizures." Under Lomastro's rationale, any time a prospective employer knew an applicant had seizures but did not know their extent, the applicant would

---

[5] Further, even if Lomastro's conclusory testimony alone could establish that he was substantially impaired in the major life activity of learning, he would have to further show a causal connection between that impairment and his seizures. See Sylvester v. America Online, Inc., 2006 WL 1793289 (D. Utah)(Slip Op.).

automatically qualify as disabled under the "regarded as" prong. The Fifth Circuit has already rejected the notion of seizures or epilepsy as a *per se* disability. This Court is unpersuaded by Ninth Circuit opinions which might suggest otherwise. Finally, Lomastro refers to the Sheriff's testimony that he believed that he had no control "during the seizures." This is insufficient to show that the Sheriff perceived him as being *substantially limited* in any major life activities. <u>Deas v. River West</u>, 152 F.3d 471, 479 (5th Cir. 1998). Lomastro's arguments are entirely without merit and fail for the same reasons they failed in the Court's prior ruling.

## II. CONCLUSION.

Based on the foregoing, the Court finds that it did not misinterpret the facts or misapply the law in its prior Memorandum Ruling [Doc. No. 59] and Judgment [Doc. No. 60]. There were no genuine issues of fact, and summary judgment in favor of Sheriff Prator was proper as a matter of fact and law.

Therefore:

**IT IS ORDERED** that Lomastro's motion to alter or amend [Doc. No. 61] is **DENIED.**

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 9th day of August, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE